# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NORTH DAKOTA

---

In re:

JAMIESON CAPEX FUND, LLC.

    Debtor.

Case No. 24-30422

(Chapter 11)

---

JAMIESON CAPEX FUND, LLC.,

    Plaintiff,

v.

JEFF JOHNSON,

    Defendant.

Adversary Case No. 24-07028

**ANSWER AND COUNTERCLAIM**

---

  Defendant Jeff Johnson ("Defendant"), by and through undersigned counsel, hereby provides its Answer to the Complaint filed by Plaintiff Jamieson CAPEX Fund, LLC ("Plaintiff"), and states and alleges as follows:

  1.  Except as expressly admitted, qualified, or explained, Defendant denies each and every allegation, statement, or matter contained in the Complaint. All allegations not expressly admitted are denied. Each reference to a "Paragraph" herein refers to the identified Paragraph in the Complaint.

  2.  Defendant denies the allegations in Paragraph 1.

  3.  Defendant denies the allegations in Paragraph 2.

1

4. With respect to Paragraph 3, Defendant admits that a judgment was entered against Plaintiff (and others) in favor of the Defendant due to Plaintiff's violation of state securities laws as set forth in the Cass County District Court's Order for Summary Judgment. Defendant denies the remaining allegations made in Paragraph 3.

5. Defendant denies the allegation in Paragraph 4.

6. With respect to Paragraph 5, Defendant admits that Plaintiff is a North Dakota limited liability company that filed a bankruptcy petition on or around September 22, 2024.

7. Defendant admits Paragraph 6.

8. Paragraphs 7 and 8 are legal conclusions with respect to the Court's jurisdiction and venue, and therefore no response is necessary other than to hold the Plaintiff to its proof thereof.

9. Paragraph 9 calls for a legal conclusion. Defendant admits that a judgment was entered against Plaintiff (and others) in favor of the Defendant due to Plaintiff's violation of state securities laws as set forth in the Cass County District Court's Order for Summary Judgment.

10. Defendant admits Paragraph 10.

11. Defendant admits Paragraph 11.

12. With respect to Paragraph 12, Defendant is aware that Plaintiff stated Defendant had a disputed and unliquidated claim against the Plaintiff for $300,000. However, Defendant denies the accuracy of the sum alleged by the Plaintiff following the determination by the state court which found the Plaintiff jointly and severally liable for debt in the amount of $567,200 plus statutory interest and attorney's fees, which is the amount demanded in the summary judgment motion made in the State Court Lawsuit on February 24, 2024.

13. Defendant admits receipt of an email from Mr. VerStandig on September 22, 2024, but denies the remainder of the allegations in Paragraph 13.

14. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 14, and therefore denies the same.

15. The Defendant denies the allegations in Paragraph 15 as any action taken by the Defendant was in adherence to the state court's order.

16. With respect to Paragraph 16, Defendant denies any violation of the Automatic Stay. Defendant admits to receiving an email from Plaintiff's counsel on or around October 21, 2024.

17. With respect to Paragraph 17, Defendant denies committing any violation of the Automatic Stay. Defendant admits to responding to an email from Plaintiff's counsel on or around October 23, 2024.

18. With respect to Paragraph 18, Defendant admits that a judgment was entered against the Plaintiff in this case on October 25, 2024, in accordance with the Order for Summary Judgment entered by the state district court on September 27, 2024. Defendant denies the amount stated in Paragraph 18, as the judgment entered against the Plaintiff in this case awards Defendant $567,200 plus statutory fees and attorney fees.

19. With respect to Paragraph 19, Defendant admits that the state court judgment has not been withdrawn, voided or otherwise mooted. Defendant denies the remaining allegations in Paragraph 19.

20. Paragraph 20 is an incorporation paragraph and does not call for an admission or denial.

3

21. Paragraph 21 calls for a legal conclusion with respect to the existence of a case or controversy. Defendant denies any allegations of a violation of the Automatic Stay.

22. Paragraph 22 calls for a legal conclusion with respect to the existence of a case or controversy. Defendant denies any allegations of a violation of the Automatic Stay.

23. Paragraph 23 calls for a legal conclusion with respect to the necessity of adjudication for various disputed claims. With that regard, Defendant denies any allegations in Paragraph 23.

24. Defendant denies the allegations in Paragraph 24.

## **AFFIRMATIVE DEFENSES**

25. Defendant repeats and realleges paragraphs 1-24 of this Answer, as though fully set forth herein.

26. "Compliance with court orders and respect for the court itself is mandatory." *In re Derryberry*, 72 B.R. 874, 884 (Bankr. N.D. Ohio 1987); quoting *Smith v. Stone,* 308 F.2d 15 (9th Cir. 1962). Otherwise, "chaos would result." *Id.*; citing *Smith*, 308 F.2d at 18. "An attorney 'who is ordered to perform an act must comply promptly with the order.'" *Id.*; citing *In Re Edgehill Nursing Home, Inc.,* 68 B.R. 413, 415 (Bkrtcy. E.D. Pa. 1986)(citations omitted).

27. Counsel for the Defendant was under a mandatory obligation to comply with the court's order to draft and submit a proposed Judgment that was consistent with the court's Order for Summary Judgment.

28. The Defendant did not violate the Automatic Stay. Instead, the Defendant complied with a mandatory direction given by the court.

29. The Defendant sought the entry of a Judgment following the Order for Summary Judgment because 11 U.S.C.S. § 523(a)(19) requires a finding of violation of state or federal

758740120
4925-8412-4164, v. 3

securities law to be memorialized by a judgment to ensure that the debt is ruled non-dischargeable. Therefore, the Defendant did not seek to enforce the judgment they were court ordered to draft. Instead, the Defendant sought a judgment to ensure 523(a)(19) would be applicable to Defendant's debt.

## COUNTERCLAIM

30. Defendant, for his Counterclaim against Plaintiff, hereby states and alleges as follows:

31. Defendant repeats and realleges paragraphs 1-30 of this Answer, as though fully set forth herein.

32. On June 28, 2023, Defendant filed an action in Cass County District Court against Plaintiff and other parties for losses suffered when Plaintiff and other parties, as unregistered brokers, sold unregistered securities to Defendant.

33. On August 1, 2024, Defendant filed a Motion for Summary Judgment in the State Court action.

34. Jamieson Capex Fund, LLC, did not answer the June 28, 2023, Complaint nor did it respond to the August 1, 2024, Motion for Summary Judgment.

35. An Order for Summary Judgment was entered on September 27, 2024, in favor of Defendant, finding that Plaintiff and other parties "sold [Defendant] unregistered securities as [an] unregistered broker-dealer[] in violation of N.D.C.C. § 10-04-10. Case No. 09-2023-CV-02126, Index # 130, Order for Summary Judgment. Additionally, the Order for Summary Judgment stated "Counsel for [Defendant] shall prepare a Judgment consistent with this Order." *Id.*

5

36. In response to the Order for Summary Judgment, Defendant's Counsel prepared a Judgment consistent with the Order for Summary Judgment. A Judgment was entered against the Plaintiff and other parties on October 25, 2024.

37. In the Notice of Entry of Order for Summary Judgment, the Defendant ensured that all parties and the court were aware that the Defendant would not seek to enforce the Judgment against the Plaintiff at the time due to the bankruptcy petition.

## COUNT I
## DENY DISCHARGEABILITY OF DEBT UNDER 11 U.S.C.S. § 523(a)(19)

38. "[T]he determination of whether a debt is non-dischargeable is a matter of federal bankruptcy law." *Jenkins v. Jones (In re Jones)*, 600 B.R. 561, 567 (Bankr. W.D. Tex. 2019).

39. Under 523(a)(19), debt is not dischargeable when the debtor is found to have obtained the funds through a violation of federal or state securities laws and the debt is memorialized in a judicial or administrative order.

40. The primary purpose of 523(a)(19) is to ensure that judgments and settlements from state securities fraud cases are nondischargeable. *McGraw v. Collier (In re Collier)*, 497 B.R. 877, 902 (Bankr. E.D. Ark. 2013). The language of 523(a)(19) allowing a judgment which memorializes a debt obtained through violation of securities law to be obtained "before, on, or after the date on which the petition was filed" makes clear that a judgment in another tribunal may be entered to ensure the non-dischargeability of debt *after* a debtor has filed their bankruptcy petition. *See Hooper v. Pierce (In re Pierce)*, Nos. BK06-80726-TJM, A06-8097-TJM, 2009 Bankr. LEXIS 2309, at *4 (Bankr. D. Neb. July 14, 2009).

41. The Plaintiff (and others) violated North Dakota securities laws by selling unregistered securities as unregistered brokers to the Defendant in this action over the course of several years. Case No. 09-2023-CV-02126, Index # 135, Judgment. The Cass County District

758740120
4925-8412-4164, v. 3

Court found that the Plaintiff (and others) violated North Dakota Securities laws. *Id.* Upon a determination that state securities laws were violated, the court ordered the Defendant in this case to draft and submit a proposed order reflecting the court's determination. Case No. 09-2023-CV-02126, Index # 130, Order for Summary Judgment.

42. Adhering to the court's order, Defendant submitted a proposed order to the court. Upon the signing of the proposed order by the court, the Plaintiff's violation of state securities law was memorialized.

43. "A determination of dischargeability under 523(a)(19) is made when the state court makes a finding of a violation of state securities laws and a judgment is entered." *Kokas v. Osborne (In re Osborne)*, Nos. 16-40903, 16-4068, 2017 Bankr. LEXIS 931, at *10 (Bankr. E.D. Tex. Apr. 3, 2017). As such, the court's finding of state securities law violation and the debt said violation created, in the amount of $567,200 plus statutory interest and attorney's fees, became non-dischargeable upon the entry of the judgment against the Plaintiff.

44. The Plaintiff violated North Dakota securities law and the Defendant followed the court's order in entering a judgment against the Plaintiff which reflected as much. However, at no time did the Defendant in this case seek to enforce the judgment against the Plaintiff, due to their current status in bankruptcy court.

**COUNT II**
**RELIEF FROM AUTOMATIC STAY**

45. The Defendant seeks a relief form the Automatic Stay pursuant to § 362 of the Bankruptcy Code and Rules 4001 and 9014 of the Rules of Bankruptcy Procedure.

46. In "*In re Zimmerman*, 341 B.R. 77 (Bankr. N.D. Ga. 2006), the court held that the existence of a claim which is asserted to be nondischargeable under 11 U.S.C. § 523(a)(19) overrides the general bankruptcy policy favoring bankruptcy court determination of

7

dischargeability issues. On this basis, the court granted the creditor relief from the automatic stay." *In re Chan*, 355 B.R. 494, 503-04 (Bankr. E.D. Pa. 2006).

47. The Defendant in this case has a nondischargeable debt under 11 U.S.C. § 523(a)(19) due to the Plaintiff's violation of state securities law and said violation was memorialized in a judgment. The debt is nondischargeable and not part of the bankruptcy estate. As such, relief from the automatic stay in favor of the Defendant is necessary.

48. Other bankruptcy courts have exempted a person from the automatic stay to permit the person post-petition to enforce a qualifying judgment under 523(a)(19). *See Conway v. Palczuk*, 615 F. Supp. 3d 387, 392 (E.D.N.C. 2022). Thus, the Defendant now seeks relief from the automatic stay to allow enforcement of the judgment. Such enforcement will render the Defendant's debt non-dischargeable in the bankruptcy proceedings and is necessary to ensure non-dischargeability under 523(a)(19).

## PRAYER FOR RELIEF

49. WHEREFORE, Defendant respectfully requests this Court enter judgment directing or otherwise ordering the following relief:

1) That Plaintiff's Complaint against Defendant be dismissed in its entirety;

2) For an Order confirming the dischargeability of the debt obligated to Defendant under 11 U.S.C.S. § 523(a)(19);

3) For an Order granting Defendant relief from the automatic stay to enforce the judgment against the Plaintiff;

4) For an award of attorney's fees, costs, and disbursements, as allowed by law;

5) For such other and further relief as this Court deems just and equitable.

Dated:  December 11, 2024.              Respectfully submitted,

> */s/ Christopher M. McShane*
> Christopher M. McShane, ND ID # 06278
> OHNSTAD TWICHELL, P.C.
> 444 Sheyenne Street, Suite 102
> P.O. Box 458
> West Fargo, ND 58078-0458
> Tel: (701) 282-3249
> Fax: (701) 282-0825
> cmcshane@ohnstadlaw.com
> *Counsel for Defendant*