IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Case No. 24-30422 |
| | ) | (Chapter 11) |
| JAMIESON CAPEX FUND, LLC. | ) | |
| | ) | |
| Debtor. | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |
| | ) | |
| JAMIESON CAPEX FUND, LLC., | ) | |
| | ) | Adversary Case No. 24-07028 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JEFF JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO DISMISS COUNTERCLAIM**

Comes now Jamieson CAPEX Fund, LLC ("CAPEX" or the "Debtor"), by and through undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 7012(b) and Federal Rule of Civil Procedure 12(b), and moves to dismiss the counterclaim (the "Counterclaim," as found at DE #7) filed by Jeff Johnson ("Mr. Johnson," the "Defendant," or the "Counterclaimant"), and in support thereof states as follows:

   I.   **Introduction**

Mr. Johnson brings suit against CAPEX seeking (i) a finding that any debt owed the Counterclaimant is nondischargeable pursuant to Section 523(a)(19) of Title 11 of the United States Code; and (ii) relief from the automatic stay set forth in Section 362 of the same title (the "Automatic Stay"). Yet Section 523(a) claims cannot be maintained against legal entities like CAPEX and relief from the Automatic Stay is only pursuable through motions practice, not an adversary proceeding.

1

For these two reasons, and as extrapolated upon *infra*, it is respectfully urged the Counterclaim be dismissed with prejudice.

## II. Standard

Familiarly, Federal Rule of Civil Procedure 12(b)(6)—made applicable by Federal Rule of Bankruptcy Procedure 7012—permits the defense of "failure to state a claim upon which relief can be granted" to be asserted through a preliminary motion. Fed. R. Civ. P. 12(b)(6). In assessing such a motion, "the Court assumes all facts alleged in the complaint are true and makes reasonable inferences in favor of the nonmoving party." *Finstad v. Gord (In re Finstad)*, 2019 Bankr. LEXIS 4017, at *7 (Bankr. D.N.D. Oct. 21, 2019) (citing *Ryan v. Ryan*, 889 F.3d 499, 505 (8th Cir. 2018)).

However, while the allegations of a pleading are presumed true for purposes of a Rule 12(b)(6) motion, "[t]he complaint 'must show the plaintiff is entitled to relief, by alleging sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Du Bois v. Bd. of Regents of the Univ. of Minn.*, 987 F.3d 1199, 1202 (8th Cir. 2021) (quoting *BNSF Ry. Co. v. Seats, Inc.*, 900 F.3d 545, 546 (8th Cir. 2018)). And, in turn, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Du Bois*, 987 F.3d at 1202 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

As observed by the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). *See also Nat'l Union Fire Ins. Co. of Pittsburgh v. Cargill, Inc.*, 61 F.4th 615, 620 (8th Cir. 2023) ("Threadbare recitals . . . supported by mere conclusory statements are not sufficient to survive a motion to dismiss.") (quoting *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018)).

**III.     Argument: Dismissal is Appropriate**

    **a. Section 523(a) Claims May Only be Brought Against Natural Persons**

Mr. Johnson's first cause of action seeks a finding that the putative debt owed by CAPEX is nondischargeable under Title 11 of the United States Code (the "Bankruptcy Code"), expressly relying on Section 523(a)(19) thereof. Yet, axiomatically, claims under Section 523(a) can only be maintained in cases where the debtor is a natural person. Since CAPEX is a limited liability company, this cause of action merits dismissal.

The Bankruptcy Code provides that "an *individual* debtor," 11 U.S.C. § 523(a) (emphasis added), shall not receive a discharge from a debt stemming from a violation of certain securities laws, 11 U.S.C. § 523(a)(19). In this case, Mr. Johnson has suffered absolutely no damages whatsoever on account of CAPEX's alleged violation of ministerial securities laws. But such nuance need not be engaged in the instant motion for a simple reason: CAPEX is not "an individual."

The long-ago settled precedent of this judicial circuit is that "the exemptions embodied in 11 U.S.C. § 523(a) do not apply to corporate debtors." *Yamaha Motor Corp. v. Shadco, Inc.*, 762 F.2d 668, 670 (8th Cir. 1985). *See also In re Wis. Barge Lines, Inc.*, 91 B.R. 65, 68 (Bankr. E.D. Mo. 1988) ("Following the Eighth Circuit's ruling in *Yamaha Motor Corporation U.S.A. v. Shadco, Inc.*, 762 F.2d 668 (8th Cir. 1985), this Court finds that the exceptions to discharge enumerated in Section 523(a) do not apply to corporate debtors."); *Boyle v. PMA Med. Specialists, LLC*, 754 F. App'x 93, 96 (3d Cir. 2019) (holding Section 523(a) to be inapplicable to corporate debtors); *Grothues v. IRS (In re Grothues)*, 226 F.3d 334, 337 (5th Cir. 2000) ("Hurricane was a *corporate debtor*; the discharge-exception in 11 U.S.C. §§ 1141(d)(2) and 523(a)(1)(C), at issue here, applies only to *individual debtors*.") (emphasis in original); *Garrie v. James L. Gray, Inc.*, 912 F.2d 808,

3

812 (5th Cir. 1990) ("... the 'willful and malicious injury' exception to discharge, like all of the exceptions to discharge found in section 523(a), applies only to individual, not corporate, debtors."); *S. Ill. Railcar Co. v. Nashville & E. Ry. Corp.*, 2006 U.S. Dist. LEXIS 58281, at *15-16 (S.D. Ill. Aug. 18, 2006) ("Federal Courts have recognized this distinction and confirmed that the § 523 exemptions from discharge apply only to individual debtors.") (citing *Yamaha*, 762 F.2d at 670; *Grothues*, 226 F.3d at 337); *Giacobbe v. Voyager Dig. Holdings, Inc. (In re Voyager Dig. Holdings, Inc.)*, 2022 Bankr. LEXIS 3364, at *2 (Bankr. S.D.N.Y. Nov. 30, 2022) ("The introductory sentence to section 523(a) makes clear that the provision is limited to 'individual' debtors.").

Upon diligent inquiry, there does not appear to be any precedent from within the Eighth Circuit, from any court, at any time since *Yamaha*, wherein a legal entity is subjected to the nondischargeability rigors of Section 523. To the contrary, *Yamaha* has been settled law for nearly four decades. And dismissal of Count I of the Counterclaim is thusly appropriate.

### b. Stay Relief is Not a Cause of Action

Mr. Johnson's second cause of action is for relief from the Automatic Stay. Tellingly, this is relief he has also sought via motions practice in the main case. And such is for good reason: the grant—or denial—of stay relief is addressed via a contested matter in a bankruptcy case and not through maintenance of an adversary proceeding.

As noted in the Federal Rules of Bankruptcy Procedure: "Unlike former Bankruptcy Rule 701, requests for relief from an automatic stay do not commence an adversary proceeding. Section 362(e) of the Code and Rule 4001 establish an expedited schedule for judicial disposition of requests for relief from the automatic stay." Advisory Committee Note to Fed. R. Bankr. P. 7001. *See also* Fed. R. Bankr. P. 4001(a) (setting forth the procedure for seeking stay relief through motions practice).

4

This notion is, too, well echoed by case law. *See, e.g.*, *Strata Title, L.L.C. v. Pure Country Tower, LLC (In re Strata Title, L.L.C.)*, 2014 Bankr. LEXIS 712, at *22 n.5 (B.A.P. 9th Cir. Feb. 21, 2014) ("Clearly, relief from the automatic stay is appropriately sought via a contested matter, not through an adversary proceeding under Rule 7001.") (citing Fed. R. Bankr. P. 4001(a); *Johnson v TRE Holdings, LLC (In re Johnson)*, 346 B.R. 190, 195 (9th Cir. BAP 2006)); *Metz v. Poughkeepsie Sav. Bank, FSB (In re Metz)*, 165 B.R. 769, 770 n.2 (Bankr. E.D.N.Y. 1994) ("An adversary proceeding is not necessary to obtain relief from the automatic stay.") (citing 11 U.S.C. § 362(d)(1); Fed. R. Bankr. P. 7001); *Grella v. Salem Five Cent Sav. Bank*, 42 F.3d 26, 33 (1st Cir. 1994) ("Relief from the stay is obtained by a simple motion, Fed. R. Bankr. P. 4001, and it is a 'contested matter,' rather than an adversary proceeding.") (citing Fed. R. Bankr. P. 4001; Fed. R. Bankr. P. 9014; Advisory Committee Note to Fed. R. Bankr. P. 7001).

Mr. Johnson has now filed a motion seeking stay relief. Regardless of whether or not that request is meritorious (and CAPEX certainly opposes the request for various reasons to be indicated in correlative briefing), disposition of the pending motion will govern whether or not Mr. Johnson is to be afforded relief from the Automatic Stay. Count II of the Counterclaim, by contrast, is facially non-viable since no such independent cause of action exists. And Count II accordingly warrants dismissal.

**IV.     Argument: Dismissal Should be With Prejudice**

Insofar as the issues underlying the Counterclaim are purely legal in nature, and do not implicate the sufficiency, *vel non*, with which Mr. Johnson has pleaded various allegations, dismissal should be with prejudice. There is no additional swath of factual matter, or creative approach to draftsmanship, that can save these two causes of action; both are ill-fated by legal necessity. And there is, accordingly, no utility in permitting the Counterclaimant occasion to endeavor to remedy that which cannot be remedied.

The standard for dismissal with prejudice has been explained by the United States District Court for the District of Minnesota: "'Ordinarily dismissal of a [pleading] for failure to comply with Rule 8 should be with leave to amend.' Nonetheless, when a complaint is so deficient or defective that the court is convinced that its defects cannot be cured through re-pleading, dismissal with prejudice is appropriate." *Christensen v. PennyMac Loan Servs., LLC*, 988 F. Supp. 2d 1036, 1046 (D. Minn. 2013) (quoting *Michaelis v. Nebraska State Bar Ass'n.*, 717 F.2d 437, 438-39 (8th Cir. 1983); citing *McLean v. United States*, 566 F.3d 391, 400 (4th Cir. 2009); *McKesson HBOC, Inc. v. New York State Common Ret. Fund, Inc.*, 339 F.3d 1087, 1096 (9th Cir. 2003); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *Ikechi v. Verizon Wireless*, 2011 U.S. Dist. LEXIS 57016, 2011 WL 2118797, at *5, n. 6 (D. Minn. April 7, 2011)). *See also Little Rock Cardiology Clinic, P.A. v. Baptist Health*, 573 F. Supp. 2d 1125, 1132 (E.D. Ark. 2008) ("The Court has also concluded that the relevant market alleged for Counts I-IV in the third amended complaint is, indeed, incoherent, and that this incoherence results not from inadequate draftsmanship or the absence of discovery but from an incurable defect in the legal theory; which is to say that the Court does not believe that the deficiencies can be cured by further amendment. Therefore, the third amended complaint in its entirety will be dismissed with prejudice.").

Here, there is no form of repleading that will transmute a request for relief from the Automatic Stay into proper fodder for an adversary proceeding. Similarly, there is no mechanism for Mr. Johnson to replead his nondischargeability claim in a manner that will render Section 523(a) of the Bankruptcy Code applicable to legal entities. Both of these claims for relief are, by pure legal definition, nonviable from the outset. And there may be no better indication of such than the fact that this is a motion to dismiss that does not so much as contain a section summarizing the factual allegations contained in the Counterclaim.

**V.     Conclusion**

WHEREFORE, Jamieson CAPEX Fund, LLC respectfully prays this Honorable Court (i) dismiss the Counterclaim with prejudice; and (ii) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: December 23, 2024      By:     /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
The Dakota Bankruptcy Firm
1630 1st Avenue N
Suite B PMB 24
Fargo, North Dakota 58102-4246
Phone: (701) 394-3215
mac@dakotabankruptcy.com
*Counsel for the Debtor*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 23rd day of December, 2024, a copy of the foregoing was served electronically upon filing via the ECF system.

/s/ Maurice B. VerStandig
Maurice B. VerStandig

7