IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Case No. 24-30422 |
| | ) | (Chapter 11) |
| JAMIESON CAPEX FUND, LLC | ) | |
| | ) | |
| Reorganized Debtor. | ) | |
| | ) | |

**MOTION TO APPROVE COMPROMISE WITH JEFF JOHNSON**

Comes now Jamieson CAPEX Fund, LLC ("CAPEX" or the "Reorganized Debtor"), by and through undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 9019, and moves to approve a compromise with Jeff Johnson ("Mr. Johnson" or the "Defendant") that will resolve the matter of *Jamieson CAPEX Fund, LLC v. Johnson*, Case No. 24-07028 (Bankr. D.N.D. 2024) (the "Adversary Proceeding"),[1] and in support thereof states as follows:

I.   **Introduction**

The Defendant is a putative creditor of CAPEX who was on the cusp of receiving a summary judgment ruling against CAPEX and three co-defendants in state court when CAPEX petitioned for bankruptcy relief. Although other defendants had actively participated in the state court action, CAPEX had not answered the state court Complaint nor had it responded to the pending summary judgment motion. CAPEX, in turn, designed its chapter 11 filing to bring about a swift end to the state court proceedings. The parties have, since, propagated respective sides of a cordial-yet-potent dispute over the reaches of the automatic stay set forth in Section 362 of Title 11 of the United States Code (the "Automatic Stay"), the applicability of Section 523 of Title 11

---

[1] For the avoidance of ambiguity, one other adversary proceeding—to which Mr. Johnson is not a party—is currently pending in connection with the CAPEX bankruptcy. This motion has no bearing on that separate adversary proceeding.

1

of the United States Code to proceedings under subchapter V of chapter 11, and myriad related issues. They now wish to resolve these disputes—sort of.

At core, Mr. Johnson has always maintained that he is owed monies by CAPEX and CAPEX has always maintained that Mr. Johnson's entitlement is pegged to an act void by virtue of occurring in contravention of the Automatic Stay. CAPEX has, however, also always equally maintained that Mr. Johnson is welcome to file a proof of claim premised upon a merit-based assertion of some entitlement to relief, so long as the filing is not predicated upon a post-petition state court judgment.

The parties have now reached a procedural resolution to these disputes and, for the reasons set forth *infra*, respectfully urge such be approved by this Honorable Court.

II. **Terms of Agreement**

What the parties propose is a relatively straightforward, comprehensive settlement that will defuse much of the procedural animus attendant to this dispute whilst allowing both Mr. Johnson and CAPEX an opportunity to litigate the existence, *vel non*, of a debt on another day. Since the agreement is purely procedural in nature, and does not embody an ultimate resolution of Mr. Johnson's alleged entitlement to collect monies from the Reorganized Debtor, such is fully reduced to writing in this motion and not through a separate agreement. The terms are as follows:

1. The Adversary Proceeding shall be dismissed, by consent and with prejudice, with the parties thereto stipulating that the state court judgment obtained by Mr. Johnson, post-petition, is void. The order dismissing the counterclaim already entered by this Honorable Court, DE #12 in the Adversary Proceeding, shall be construed as an order of dismissal with prejudice to the extent not already so deemed by operation of law.

2. The parties shall bear their own respective fees and costs in connection with the Adversary Proceeding.

3. Mr. Johnson shall be free to petition the state court for entry of a new judgment or amended judgment, against all parties to the state court proceeding *except* for CAPEX.

4. Mr. Johnson will withdraw his pending motion for relief from the Automatic Stay, DE #56, with prejudice.

5. Mr. Johnson has already filed an amended proof of claim herein (the "Amended Claim"), to which CAPEX shall be free to object on any grounds permitted by law, at any time permitted by the confirmed plan of reorganization in this case, *except* CAPEX may not base its objection on any argument tethered to Mr. Johnson having previously allegedly violated the Automatic Stay.

6. Mr. Johnson is free to again amend his proof of claim, as would be any creditor in any case, within the parameters established by governing law, *except* Mr. Johnson may not subsequently amend his proof of claim so as to be reliant, in part or whole, upon the entry of a post-petition judgment in any state court proceeding.

### III.   Standard

Familiarly, ". . . the court may approve a compromise or settlement" upon appropriate notice to parties in interest. Fed. R. Bankr. P. 9019(a).

In this judicial circuit, ". . . the standard for evaluation of a settlement 'is whether the settlement is fair and equitable and in the best interests of the estate.'" *Wigley v. Wigley (In re Wigley)*, 557 B.R. 678, 685 (B.A.P. 8th Cir. 2016) (quoting *Tri-State Financial, LLC v. Lovald*, 525 F.3d 649, 654 (8th Cir. 2008) (citing *Martin v. Cox (In re Martin)*, 212 B.R. 316, 319 (8th Cir. BAP 1997))).

In assessing fairness, equitability, and the best interests of an estate, a bankruptcy court is charged with examination of four factors:

> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Wigley*, 557 B.R. at 685 (quoting *Drexel Burnham Lambert Corp. v. Flight Transp. Corp. (In re Flight Transp. Sec. Litigation)*, 730 F.2d 1128, 1135 (8th Cir.1984) (quoting *Drexel v. Loomis*, 35 F.2d 800, 806 (8th Cir. 1929))).

### IV. Argument: The Compromise Should be Approved

Insofar as the settlement proposed herein is largely procedural, analysis under the four governing factors is somewhat stilted in nature. However, at core, the proposed arrangement embodies two substantive concessions: (i) Mr. Johnson is ceding his ability to rely on a post-petition state court judgment, acknowledging such to be void as to CAPEX; and (ii) the Reorganized Debtor is giving up its ability to seek attorneys' fees and suit costs from Mr. Johnson. There are, to be sure, other terms (dispensing with any request for stay relief, agreeing on the parameters of future claim objections, etc.), but those seem to naturally follow the two substantive concessions of the parties.

In terms of the probability of success in litigation, CAPEX likely would have prevailed in its stay violation suit. A post-petition judgment is, by just about any estimation, void. And efforts to obtain such a post-petition judgment are violative of the Automatic Stay. But "success" in the litigation would have scantly yielded a result more beneficial to the Reorganized Debtor than that occasioned herein. Yes, CAPEX could potentially have recovered attorneys' fees and suit costs, but Mr. Johnson, in turn, would have been able to urge that (i) no actual monetary damages were occasioned by the alleged stay violation; and (ii) any award of legal fees and suit costs should be

4

setoff against any debt owed by CAPEX to Mr. Johnson. So while CAPEX would have been likely to succeed in the Adversary Proceeding, such success would have been scantly greater than what is provided for hereunder.

Vis a vis the second element of the test, CAPEX does not feign that there would be any difficulty collecting from Mr. Johnson, who is a member of the local community and whose financial health is not in doubt.

In terms of the complexity of the litigation, disputes over alleged violations of the Automatic Stay are assuredly not the most novel or intricate of proceedings to grace the docket of this Honorable Court. Yet such proceedings are still not simple in nature and some attention would, invariably, have been expended further studying the various defenses invoked by Mr. Johnson.

Finally, this resolution conforms to the paramount interests of creditors, who are best served by having the Reorganized Debtor focus on collecting monies that can be distributed in accord with a confirmed plan and not expending time on stay violation litigation. No monies collected in the Adversary Proceeding would have directly benefited general unsecured creditors, with CAPEX only seeking to collect attorneys' fees and suit costs. Assuredly, bringing about an end to this episode, and allowing CAPEX to focus on other matters—while also permitting a merit-based analysis of Mr. Johnson's claim—is in the best interests of all parties.

V.   **Conclusion**

WHEREFORE, Jamieson CAPEX Fund, LLC respectfully prays this Honorable Court (i) approve the compromise set forth herein; and (ii) afford such other and further relief as may be just and proper.

*[Signature on Following Page]*

|  |  | Respectfully submitted, |
|---|---|---|
| Dated: January 28, 2025 | By: | /s/ Maurice B. VerStandig |
|  |  | Maurice B. VerStandig, Esq. |
|  |  | The Dakota Bankruptcy Firm |
|  |  | 1630 1st Avenue N |
|  |  | Suite B PMB 24 |
|  |  | Fargo, North Dakota 58102-4246 |
|  |  | Phone: (701) 394-3215 |
|  |  | mac@dakotabankruptcy.com |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 28th day of January, 2025, a copy of the foregoing was served electronically upon filing via the ECF system.

I FURTHER CERTIFY that, pursuant to Federal Rule of Bankruptcy Procedure 9019(a), a copy of the notice attached hereto as Exhibit A (but not of this application or the other exhibits) is being sent, on the 28th day of January, 2025, via First Class Mail, postage prepaid, to all parties on the mailing matrix attached hereto as Exhibit B, *except* no copy will be mailed to (i) this Honorable Court; or (ii) attorneys employed by The Dakota Bankruptcy Firm.

/s/ Maurice B. VerStandig
Maurice B. VerStandig

6

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Case No. 24-30422 |
| | ) | (Chapter 11) |
| JAMIESON CAPEX FUNDS, LLC. | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

### NOTICE OF MOTION TO APPROVE COMPROMISE WITH JEFF JOHNSON

NOTICE IS HEREBY GIVEN that the above-referenced debtor has filed a motion to approve a compromise with Jeff Johnson. Under the proposed compromise, a pending adversary proceeding with be settled in exchange for Mr. Johnson acknowledging a post-petition state court judgment is void as against the debtor. Both parties will bear their own costs and expenses in connection with the action. The debtor remains free to object to Mr. Johnson's claim in this case. Other terms also guide this compromise and parties in interest are encouraged to examine the agreement in detail (which is set forth in the motion itself). A copy of the motion is being filed of even date with this notice.

NOTICE IS FURTHER GIVEN that written objections to the motion, if any, shall be filed with the Clerk of the United States Bankruptcy Court for the District of North Dakota, 655 1st Ave. N. Suite 210, Fargo, ND 58102-4932 within twenty-one (21) days from the date of the mailing of this notice. Any objections not filed and served may be deemed waived.

*[Signature Block and Certificate of Service on Following Page]*

1

                                                                       Respectfully submitted,

Dated: January 28, 2025        By:    /s/ Maurice B. VerStandig
                                                              Maurice B. VerStandig, Esq.
                                                              The Dakota Bankruptcy Firm
                                                              1630 1st Avenue N
                                                              Suite B PMB 24
                                                               Fargo, North Dakota 58102-4246
                                                              Phone: (701) 394-3215
                                                              mac@dakotabankruptcy.com
                                                              *Counsel for the Debtor*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 28th day of January, 2025, a copy of the foregoing was served via First Class Mail, postage prepaid, to all parties on the mailing matrix attached hereto as Exhibit B, *except* no copy will be mailed to (i) this Honorable Court; or (ii) attorneys employed by The Dakota Bankruptcy Firm.

                                                               /s/ Maurice B. VerStandig
                                                               Maurice B. VerStandig

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0868-3<br>Case 24-30422<br>District of North Dakota<br>Fargo<br>Tue Jan 28 07:35:16 CST 2025 | Jamieson CAPEX Fund, LLC<br>2865 Lilac LN N<br>Fargo, ND 58102-1706 | U.S. BANKRUPTCY COURT<br>655 1ST AVENUE NORTH, SUITE 210<br>FARGO, ND 58102-4932 |
| Amber Carlson<br>712 124th Ave NE<br>Finley, ND 58230-9402 | Ana A. Neir<br>Special Assistant Attorney General<br>10 Roberts St. N.<br>Fargo, ND 58102-4982 | Arthur Mercantile, LLC<br>PO Box 8<br>Arthur, ND 58006-0008 |
| Aspire<br>5195 45TH ST S<br>Fargo , ND 58104-3339 | Berly D. Nelson<br>Special Assistant Attorney General<br>10 Roberts St. N.<br>Fargo, ND 58102-4982 | Brad Sunderland<br>2102 Great Northern Drive<br>Fargo, ND 58102-3249 |
| Brian Kounovsky<br>3680 54th Street S<br>Fargo, ND 58104-7480 | Bryan Bartz<br>555 12th Street<br>Suite 900<br>Oakland, CA 94607-3637 | CCU<br>204 W THAYER AVE<br>Bismarck  58501-3772 |
| Capital Credit Union<br>204 W THAYER AVE<br>Bismarck , ND 58501-3794 | Christianna A. Cathcart<br>1630 1st Avenue N<br>Suite B PMB 24<br>Fargo, North Dakota 58102-4246 | Christopher M. McShane<br>444 Sheyenne Street, Suite 102<br>P.O. Box 458<br>West Fargo 58078-0458 |
| Cole Bachmeier<br>5893 Autumn Drive S<br>Fargo, ND 58104-7654 | Colleen Carlson<br>6130 12th Street SE<br>Bismarck, ND 58504-3131 | Dale Lian<br>2861 Lilac Lane N<br>Fargo, ND 58102-1706 |
| David Griffin<br>555 12th Street Suite 900<br>Oakland, CA 94607-3637 | Derek Kane<br>5832 Crested Butte Rd<br>Bismarck, ND 58503-7302 | Derek Sunderland<br>4632 Timberline Dr<br>Fargo, ND 58104-6654 |
| Donna Fricke<br>918 Senate Dr<br>Bismarck, ND 58501-1963 | Eric Hegerle<br>2312 5th Street S<br>Fargo, ND 58103 | (p)FIRST INTERNATIONAL BANK & TRUST<br>ATTN ATTN LEGAL<br>3001 25TH STREET SOUTH<br>FARGO ND 58103-6160 |
| First Western Bank & Trust<br>900 South Broadway<br>Minot, ND 58701-4658 | Fred & Karen Browers<br>38568 296th Ave<br>Waubun, MN 56589-9370 | Fred and Karen Brower<br>38568 296th Ave<br>Waubun, MN 56589-9370 |
| Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | Jack Christianson<br>508 66th Ave North<br>Moffit, ND 58560 | Jamieson Capital<br>1420 9TH ST E STE 401<br>West Fargo , ND 58078-3381 |

```
Jamieson Legacy Fund              Jamieson Legacy Fund LLC          Jamieson Medical
555 12th Street Ste 900           3309 Heartwood Dr SE              2865 LILAC LN N
Oakland, CA 94607-3637            Mandan, ND 58554-6232             Fargo 58102-1706


Jamieson Natural                  Jamieson Natural Resources Fund, LLC   Jamieson Natural Resources Fund, LLC
PO BOX 285                        PO BOX 285                             c/o: Katrina A. Turman Lang
West Fargo , ND 58078-0285        West Fargo , ND 58078-0285             500 2nd Ave. N., Suite 400
                                                                         P.O. Box 1680
                                                                         Fargo, ND 58107-1680


Jason Boutwell                    Jeff Johnson                      Jeremy Carlson
87 N Woodcrest Dr N               4001 15th Ave NW                  2865 Lilac Lane N
Fargo, ND 58102-2154              Fargo, ND 58102-2832              Fargo, ND 58102-1706


Jim Stewart                       John Biwer                        KLH&J Land LLC
154 S Woodcrest Dr                331 St Charles Place              4001 15th Ave NW
Fargo, ND 58102-2145              West Fargo, ND 58078              Fargo, ND 58102-2832


Kara Johnson                      Katrina A. Turman Lang            Leftfield Development LLC
555 12th Street Ste 900           Wold Johnson, P.C.                275 Elks Dr
Oakland, CA 94607-3637            500 2nd Ave. N., Ste. 400         Grand Forks, ND 58201-7575
                                  PO Box 1680
                                  Fargo, ND 58107-1680


Lyons Children Irrevocable Trust  MJM Investments, LLC              Main Street Investment
6415 55th Ave SE                  541 16TH ST NE                    2865 Lilac LN N
Bismarck, ND 58504-9410           West Fargo , ND 58078-7214        Fargo, ND 58102-1706


Mark Merck                        Matthew Bitterman                 Michael Kempel
555 12th Street Ste 900           4406 Daniel Street                2809 Lilac Lane N
Oakland, CA 94607-3637            Bismarck, ND 58504-8855           Fargo, ND 58102-1706


Michael Kuntz                     Michael Schuster                  Mike Quast
275 Elks Dr                       5079 Woodhaven Dr S               4703 Harbor Trail SE
Grand Forks, ND 58201-7575        Fargo, ND 58104-4288              Mandan, ND 58554-7928


North Dakota Office of State Tax Commiss   Nova DC, LLC             Rachel Ness
600 E. Boulevard Ave. Dept. 127   3081 125TH AVE NW                 4763 Douglas Drive S
Bismarck, ND 58505-0602           Watford City, ND 58854-9602       Fargo, ND 58104-4402


Sarah J. Wencil                   Scott Ellefson                    Scott Howe
Office of the U.S. Trustee        63 W Mirror Ridge Circle          7725 Ridgeland Dr
Suite 1015 U.S. Courthouse        The Woodlands, TX 77382-2513      Bismarck, ND 58503-6235
300 South Fourth Street
Minneapolis, MN 55415-1320
```

| | | |
|---|---|---|
| Secure Income Fund, LLC<br>2865 LILAC LN N<br>Fargo, ND 58102-1706 | Shawn Hegvick<br>4439 Oakcreek Dr S<br>Fargo, ND 58104-6619 | The Entrust Group<br>F/B/O Mike Holland<br>555 12th Street Ste 900<br>Oakland, ND 94607-3637 |
| The Entrust Group<br>f/b/o Brian Carlson<br>555 12th Street Ste 900<br>Oakland, CA 94607-3637 | The Entrust Group<br>f/b/o Lynn Carlson<br>555 12th Street Ste 900<br>Oakland, ND 94607-3637 | The Entrust Group<br>f/b/o Matthew Retterath<br>555 12th Street Ste 900<br>Oakland, CA 94607-3637 |
| The Entrust Group<br>f/b/o Scott Gorder<br>555 12th Street Ste 900<br>Oakland, CA 94607-3637 | Trevor Kittelson<br>705 6th Ave NE<br>Hillsboro, ND 58045-4633 | Val Marinov<br>3549 Grandwood Dr N<br>Fargo, ND 58102-4860 |
| W&S Investment LLC<br>4401 19th Street SE<br>Mandan, ND 58554-4830 | Wendy Baukol<br>555 12th Street Ste 900<br>Oakland, CA 94607-3637 | Christianna A. Cathcart<br>The Dakota Bankruptcy Firm<br>1630 First Ave N<br>Ste. B PMB 24<br>Fargo, ND 58102-4246 |
| Maurice VerStandig<br>The Dakota Bankruptcy Firm<br>1630 1st Avenue N<br>Suite B PMB 24<br>Fargo, ND 58102-4246 | Robert B. Raschke<br>Assistant U.S. Trustee<br>Suite 1015 U.S. Courthouse<br>300 South Fourth Street<br>Minneapolis, MN 55415-1320 | Thomas Kapusta<br>PO Box 90624<br>Sioux Falls, SD 57109-0624 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

First International Bank & Trust
100 N MAIN, PO BOX 607
Watford City, ND 58854

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Commissioner of the North Dakota Securitie | (u)Jamieson Natural Resources Fund, LLC | (u)State of North Dakota |
| (d)Jeff Johnson<br>4001 15th Ave NW<br>Fargo, ND 58102-2832 | (u)Michael T. Schmitz | End of Label Matrix<br>Mailable recipients   74<br>Bypassed recipients    5<br>Total                 79 |